UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWANE LEE<br>2346 Perot Street<br>Philadelphia, PA 19130<br><br>        Plaintiff,<br><br>    v.<br><br>WEBER, GALLAGHER, SIMPSON,<br>STAPLETON, FIRES & NEWBY, LLP<br>2000 Market Street<br>Philadelphia, PA 19103<br>    and<br>BRIAN CALISTRI<br>2000 Market Street<br>Philadelphia, PA 19103<br>    and<br>PAUL FIRES<br>2000 Market Street<br>Philadelphia, PA 19103<br>    and<br>MARC B. ZINGARINI<br>2000 Market Street<br>Philadelphia, PA 19103<br><br>        Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Shawnae Lee, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Family and Medical Leave Act ("FMLA" - 29 USC §§ 2601 *et. seq.*).[1] Plaintiff was unlawfully terminated from Defendants and seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

---

[1] It is Plaintiff's specific intent to add claims currently pending before the Equal Employment Opportunity Commission ("EEOC") under the ADA once such claims have been exhausted, as required by EEOC regulations.

7. Defendant Weber, Gallagher, Simpson, Stapleton, Fires, & Newby LLC (hereinafter "Defendant Firm") is a law firm incorporated in Pennsylvania that provides legal services in many practice areas throughout the United States.

8. Defendant Brian Calistri (hereinafter "Defendant Calistri") is a partner of Defendant Firm and oversees litigation involving product liability, personal injury, and malpractice matters.

9. Defendant Paul Fires (hereinafter "Defendant Fires") is a partner of Defendant Firm and oversees litigation involving worker's compensation matters.

10. Defendant Zingarini (hereinafter "Defendant Zingarini") is a partner of Defendant Firm who chairs Defendant Firm's general liability practice group.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

12. Defendant Firm is an "employer" within the meaning of the Family and Medical Leave Act because at all times relevant herein, Defendant Firm has employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendant Firm in or about March of 2006.

15. Plaintiff worked for Defendant Firm until in or about October of 2009.

16. At all times relevant during her period of employment (approximately 3.5 years), Plaintiff was employed by Defendant Firm as an attorney.

17. Prior to 2009, Plaintiff was not disciplined for any reason by any supervisor, manager, or partner of Defendant Firm verbally or in writing.

18. In the first half of 2009, Plaintiff was dealing with a lot of pain stemming from back problems and disc compression / herniation.

19. Plaintiff sought emergency medical treatment from a hospital in mid-2009 due to ongoing back problems.

20. In 2009, Plaintiff was getting medical treatment and attending physical therapy, which was known to Plaintiff's colleagues/management.

21. Plaintiff specifically informed her management, including but not limited to, Defendants Zingarini and Calistri that she was getting physical therapy and having health problems related to her back.

22. Plaintiff also exhibited physical manifestations of her health problems, including but not limited to a swollen neck and an inability to move her neck in any significant range of motion.

23. Defendant Firm's management commented on Plaintiff's obvious lack of motion in her neck in the timeframe of August of 2009.

24. Subsequent to Plaintiff's disclosure of health problems, her hospitalization, and her need to attend physical therapy, during Plaintiff's last several months of employment with Defendant Firm, Defendants began a campaign of admonishing Plaintiff for not being at work enough and for her allegedly not having enough "face time" within Defendant Firm.

25. Plaintiff had regularly spent time working in Defendants' office and from home on her assigned legal matters and cases, but it only became a problem with Defendants once Plaintiff was having health problems.

26. Defendant Firm never had any written policy that prohibited Plaintiff from working from home, and Defendant Firm allowed employees/attorneys other than Plaintiff to work from home as they deemed necessary or helpful.

27. In September of 2009, Plaintiff was inquiring from Defendant Firm's management about her ability to collect short-term disability benefits and whether she was enrolled in such a disability plan.

28. On or about October 2, 2009, Plaintiff provided Defendants' office manager with a doctor's note requesting time off from work for medical reasons.

29. On or about October 2, 2009, after having submitted a note for a medical leave to Defendant Firm's office administrator/manager, Plaintiff was confronted by Defendants Calistri and Zingarini who, at that time, removed Plaintiff from some of her cases and clients that Plaintiff had worked on and cultivated for an extended period of time.

30. In her meeting with Defendants Calistri and Zingarini, Plaintiff was also told that in the future, she needed to punch in and out on a time clock and consistently only work from Defendant's Firm unlike other attorneys within Defendant Firm.

31. On October 2, 2009, following her meeting with Defendants Calistri and Zingarini, Plaintiff was forwarded FMLA documentation via e-mail from one Geralyn Brown to have her doctor sign and fill out with respect to Plaintiff taking a medical leave of absence.

32. Brown gave Plaintiff less than 1 week to fill out her FMLA paperwork and directed that Plaintiff have her FMLA paperwork filled out by no later than October 7, 2009.

33. Plaintiff commenced her medical leave on October 3, 2009 and provided medical documentation to Defendants from her doctor, as Plaintiff was having both mental health problems and physical problems towards the end of her employment.

34. While Plaintiff was on her medical leave of absence, Defendants conducted a complete review of Plaintiff's text messages, telephone calls, and e-mail communications during the latter period of her employment with Defendants.

35. Following the commencement of her medical leave of absence, Plaintiff was delivered a letter dated October 9, 2009, while she was on medical leave, that required Plaintiff to cease all client contact and to take no further action concerning client files due to Defendant "recently becom[ing] aware that [she] engaged in conduct" that constitutes "grounds for immediate termination."

36. Plaintiff was terminated from Defendants on or about October 14, 2009, a termination that was considered effective on or about October 9, 2009.

### First Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

37. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

38. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i) during her last month of employment.

39. Further, Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months of her requests.

40. Defendant Firm is engaged in an industry affecting commerce and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite in 2009 and 2010 for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

41. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1), and Defendants were not permitted to interfere with or to retaliate against Plaintiff for exercising her rights pursuant to the FMLA.

42. Defendants committed both interference and retaliation violations of the FMLA by: (1) unlawfully counting FMLA-qualifying absences against Plaintiff for the purposes of discipline/termination; (2) giving Plaintiff less than 2 weeks to provide medical documentation supporting her medical leave; (3) not properly giving Plaintiff an appropriate notification of her individualized rights and obligations under the FMLA designating her time off as FMLA time; (4) requiring Plaintiff to perform work and/or to provide detailed information to Defendant *during* an FMLA-qualifying medical leave of absence; (5) terminating Plaintiff because she required an FMLA-qualifying absence; (6) terminating Plaintiff to prevent her from further exercising her rights under the FMLA; and (7) for other reasons explicitly and/or implicitly set forth in this Complaint.

43. In addition to Defendant Firm, each individual Defendant in the instant lawsuit is personally liable for violations of the FMLA because they were all involved with Plaintiff's termination from Defendant, exercised control over the terms and conditions of her employment during her last several months, and upon information and belief, assisted with giving Plaintiff bogus discipline during her last several months of employment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such interference and retaliation and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered interference/retaliation at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        **KARPF, KARPF & VIRANT, P.C.**

        Ari R. Karpf, Esquire
        3070 Bristol Pike
        Building 2, Suite 231
        Bensalem, PA 19020

Dated: July 8, 2010

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Shawane Lee                                                                    CIVIL ACTION

v.

Weber, Gallagher, Simpson,                                                     NO.
Stapleton, Fires & Newby, LLP, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

7/8/10              Ari Karpf              Plaintiff
_____             _____        Attorney for
Date                Attorney-at-law         akarpf@karpf-law.com
(215) 639-0801      (215) 639-4970         E-Mail Address
Telephone           FAX Number

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **2346 Perot Street, Philadelphia PA 19130**

Address of Defendant: **2000 Market Street, Philadelphia PA 19130**

Place of Accident, Incident or Transaction: **Defendants place of business.**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
- ☐ Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ FELA
- ☐ Jones Act-Personal Injury
- ☐ Antitrust
- ☐ Patent
- ☐ Labor-Management Relations
- ☒ Civil Rights
- ☐ Habeas Corpus
- ☐ Securities Act(s) Cases
- ☐ Social Security Review Cases
- ☐ All other Federal Question Cases
  (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Ari Karpf**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **7/8/10**   _____   **91538 / ARK2484**
Attorney-at-Law                                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **7/8/10**   _____   **ARK2484 / 91538**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEE, SHAWANE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf & Karpf, P.C, 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
WEBER, GALLAGHER, SIMPSON, STAPLETON, FIRES & NEWBY, LLP, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act "FMLA" (29USC2601et seq)
Brief description of cause:
Violations of the Family and Medical Leave Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE: 7/8/10

SIGNATURE OF ATTORNEY OF RECORD