IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWANE LEE | : |
| | : CIVIL ACTION |
| **Plaintiff** | : |
| | : CASE NO.:   10-3356 |
| v. | : |
| | : |
| WEBER GALLAGHER SIMPSON | : |
| STAPLETON FIRES & NEWBY, LLP | : JURY TRIAL DEMANDED |
| and | : |
| BRIAN CALISTRI | : (CDJ II) |
| and | : |
| PAUL FIRES | : **Electronically Filed** |
| and | : |
| MARC B. ZINGARINI | : |
| | : |
| **Defendants.** | : |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Brian Calistri, Paul Fires, and Marc B. Zingarini (Defendants), submit the following Answer and Affirmative Defenses to the Third Amended Complaint (TAC) filed by Plaintiff Shawane Lee:

### ANSWER

### INTRODUCTION

1.  The allegations in paragraph 1 of Plaintiff's Third Amended Complaint (TAC) set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 1 of Plaintiff's SAC are also denied.

### JURISDICTION AND VENUE

2.  The allegations in paragraph 2 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied.

1

3. The allegations in paragraph 3 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied.

4. The allegations in paragraph 4 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied.

## PARTIES

5. Paragraphs 1 through 4 of Defendants' Answer are incorporated herein by reference as though set forth in full.

6. Admitted.

7. Denied. Defendant Firm is an LLP.

8. Admitted.

9. Admitted.

10. Admitted in part, denied in part. Defendant Zingarini is not Chair of Defendant Firm's general liability practice group.

11. The allegations in paragraph 11 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 11 of Plaintiff's TAC are also denied.

12. Admitted in part, denied in part. Defendants admit only that Defendant Firm has employed at least fifty (50) or full-time employees within the present or preceding calendar year. The remaining allegations in paragraph 12 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any remaining factual allegations set forth in paragraph 12 of Plaintiff's TAC are also denied.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 of Defendants' Answer are incorporated herein by reference as though set forth in full.

14. Admitted in part, denied in part. Defendant Firm hired Plaintiff in April 2006.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied, except Defendants admit that Plaintiff visited the Pennsylvania Hospital Emergency Department on an out-patient basis on July 25, 2009, and again on August 5, 2009. By way of further response, Plaintiff stated on those occasions that she suffered neck pain beginning on or about July 20, 2009, and Plaintiff denied that her neck pain had resulted from a slip and fall injury or other traumatic event.

20. Denied.

21. Denied. By way of further response, Plaintiff stated to Defendants Calistri and Zingarini for the first time, on August 13, 2009, that she was receiving medical evaluation or treatment for an alleged neck injury. Defendants Calistri and Fires deny that they knew, when Defendant Firm employed Plaintiff, about any of the allegations set forth in paragraph 18 of Plaintiff's TAC. Defendant Zingarini admits that Plaintiff told Defendant Zingarini on or about August 20, 2009, that Plaintiff allegedly learned from Dr. Rushton on August 20 that Plaintiff was suffering from disc herniations with nerve compression.

22. Admitted in part, denied in part. Defendants admit only that Defendants Calistri and Zingarini noticed for the first time, on August 13, 2009, that Plaintiff appeared to suffer from a stiff neck. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 22 of Plaintiff's TAC, and therefore deny same.

23. Denied.

24. Denied. Defendant Calistri and Defendant Zingarini conducted a review of Plaintiff's work performance with her on August 13, 2009. The written evaluations of her work performance speak for themselves and were created in July 2009.

25. Admitted in part, denied in part. Defendants deny that Plaintiff "regularly" spent time working in Defendants' office.

26. Denied. Plaintiff did not have a "monthly billable-hour requirement." Plaintiff continued to meet or exceed Defendant Firm's expectations of the amount of hours that an associate would record on his or her time sheets during an average month. Further, Plaintiff did not perform her duties on her assigned cases in a

satisfactory manner. To the contrary, Defendant Firm counseled Plaintiff repeatedly concerning her work-performance deficiencies. Further, as set forth in letters that Defendant Firm sent to Plaintiff on October 9 and on October 14, 2009, Plaintiff performed her duties on her assigned cases in an unsatisfactory matter. True and correct copies of those letters are attached hereto as **exhibits A** and **C** respectively and incorporated herein by reference.

27. Denied.

28. Denied as stated. Defendant Firm employed several "contract" associate attorneys who worked from home because Defendant Firm did not provide them with office space and because they were not engaged in the full-time practice of law. Defendant Firm also permitted other associate attorneys to work from home occasionally, just as Defendant Firm permitted Plaintiff to work from home occasionally.

29. Admitted in part, denied in part. The written evaluations of Plaintiff's work performance speak for themselves.

30. Admitted.

31. Admitted in part, denied as stated in part. Defendants did not comment to Plaintiff that her neck appeared to be injured and swollen with limited range of motion.

32. Denied. To the contrary, Plaintiff "advised" individual Defendant Zingarini on August 20, 2009 that Plaintiff did not want or need time off from work to accommodate her alleged "physical difficulties and neck pain." Plaintiff further "advised" Defendant Zingarini on September 22, 2009 that she worked from home to avoid distractions and focus better on her writing assignments.

33. Admitted in part, denied in part. Plaintiff did not have a "monthly billable-hour requirement." Further, Plaintiff was informed of work performance issues with her assigned case load.

34. Denied.

35. Denied. Plaintiff asked Defendant Firm's office administrator whether Plaintiff had applied for disability insurance coverage.

36. Denied. By way of further response, Defendant Zingarini expressed concern repeatedly before September 28, 2009 about Plaintiff's ability to handle client matters that the Firm had assigned to her.

37. Admitted in part, denied in part. Defendants admit only that Plaintiff submitted a letter from Scott Rushton, M.D., to Defendant Firm's Office Manager on or about October 2, 2009. A true and correct copy of Dr. Rushton's letter, which is dated October 1, 2009, is attached hereto as **exhibit B** and incorporated herein by reference. Defendants deny the remaining allegations in paragraph 37 of Plaintiff's TAC, as Dr. Rushton's letter contradicts those allegations and speaks for itself.

38. Denied. Before October 2, 2009, Defendants Firm and Zingarini discussed with Plaintiff reassignment of some client matters that the Firm had previously assigned to Plaintiff, after and in response to Plaintiff's complaints and aforementioned Defendants' resultant concerns that Plaintiff felt overwhelmed with and overburdened by the volume of client matters that Defendant Firm had assigned to her.

39. Denied.

40. Denied as stated. Plaintiff contacted Defendant Firm's Office Administrator to request FMLA-related paperwork.

41. Admitted in part, denied as stated in part. Defendants admit only that Ms. Brown forwarded FMLA paperwork to Plaintiff on October 2, 2009 with instructions to Plaintiff that Plaintiff's doctor sign and fill out the form that Ms. Brown sent to Plaintiff. Defendants deny that Ms. Brown did so "with respect to Plaintiff taking a medical leave of absence."

42. Denied as stated. Ms. Brown wrote to Plaintiff: "Kindly return the completed form to me no later than next Wednesday 10/7, if you need additional time please advise upon receipt of this form. Please call me if you have any questions."

43. Denied, except Defendants admit only that Plaintiff stated in her Initial Disclosures and in her verified answer to an interrogatory that she was a patient of a family physician whose name is Harry Frankel, MD. True and correct copies of Initial Disclosures of Plaintiff, Plaintiffs' Answers to Defendant, Bruck Isard

5

and LeFevre's Interrogatories Directed to Plaintiffs, and Defendant Bruck Isard and LeFevre's Interrogatories Addressed to Plaintiffs are attached hereto as **exhibit D** and incorporated herein by reference. Defendants deny the remaining allegations set forth in paragraph 43 of Plaintiff's TAC.

44. Denied. By way of further response, Defendants did not receive "a completed FMLA form" pertaining to Plaintiff that Plaintiff's family physician, Harry Frankel, MD, either filled out or signed. The "FMLA form" pertaining to Plaintiff that Defendants received was signed by someone who did not examine or treat Plaintiff. The "FMLA form" is an invalid certification because it was completed and executed falsely. A true and correct copy of said invalid and falsely completed and executed "FMLA form" is attached hereto as **exhibit E** and incorporated herein by reference.

45. Denied.

46. Admitted in part, denied in part. Plaintiff had not commenced a medical leave of absence. The letters, copies of which are attached hereto in **exhibits A** and **C**, speak for themselves.

47. Denied. Plaintiff was not on FMLA leave. By way of further response, the letters, copies of which are attached hereto in **exhibits A** and **C**, speak for themselves.

48. Denied. Further, Plaintiff submitted two responses to Defendant Firm, on October 9, 2009 and on October 13, 2009. Copies of these responses are attached hereto as **exhibits F** and **G** respectively and are incorporated herein by reference.

49. Denied as stated. Defendant Firm discharged Plaintiff from its employ on October 14, 2009 for reasons set forth in a letter dated and sent to Plaintiff on October 14, 2009; a true and correct copy of the letter is attached hereto in **exhibit C** and incorporated herein by reference.

50. Denied. Defendant Firm discharged Plaintiff from its employ on October 14, 2009 for reasons set forth in a letter dated and sent to Plaintiff on October 14, 2009; a true and correct copy of the letter is attached hereto in **exhibit C** and incorporated herein by reference. By way of further denial, Plaintiff stated in her civil action complaint that she verified in February 2010, and filed in the Court

of Common Pleas of Philadelphia County, at paragraph 17, that she "has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss." A true and correct copy of Plaintiff's verified civil action complaint is attached hereto as **exhibit H** and incorporated herein by reference.

### First Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

51. The allegations in paragraph 51 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 51 of Plaintiff's TAC are also denied.

52. The allegations in paragraph 52 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 52 of Plaintiff's TAC are also denied.

53. Admitted in part, denied in part. Defendants admit only that Plaintiff worked at least 1,250 hours with Defendant Firm during the twelve (12) month period preceding Defendant Firm's termination of her employment. Defendants deny the remaining allegations in paragraph 53 of Plaintiff's TAC.

54. The allegations in paragraph 54 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 54 of Plaintiff's TAC are also denied.

55. The allegations in paragraph 55 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 55 of Plaintiff's TAC are also denied.

56. The allegations in paragraph 56 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 56 of Plaintiff's TAC are also denied.

57. The allegations in paragraph 57 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 57 of Plaintiff's TAC are also denied.

## Second Cause of Action
## Violations of the Americans with Disabilities Act ("ADA")
## (Hostile Work Environment)

58.    Paragraphs 1 through 57 of Defendants' Answer are incorporated herein by reference as though set forth in full.

59.    Denied. To the contrary, Plaintiff failed to exhaust her administrative remedies in at least three ways: (1) by failing to return to the EEOC her answers to questionnaires that the EEOC sent to her and requested her to complete to enable the EEOC to begin its investigation of Plaintiff's Charge; (2) by failing to bring a civil action against Defendant Firm alleging violation of the ADA within ninety (90) days of receiving notice from the EEOC that the EEOC had not begun to investigate or mediate Plaintiff's Charge within 180 days from the date that Plaintiff had filed her Charge; and (3) by alleging acts in her present federal civil suit that are not within the scope of her administrative Charge that she filed with the EEOC. A true and correct copy of EEOC's request to Charging Party's counsel to cooperate in its investigation is attached hereto as **exhibit I** and incorporated herein by reference.

60.    Denied.

61.    Denied.

62.    Denied.

## Third Cause of Action
## Violations of the Americans with Disabilities Act ("ADA")
## (Perceived & Actual Disability Discrimination)

63.    Paragraphs 1 through 62 of Defendants' Answer are incorporated herein by reference as though set forth in full.

64.    The allegations in paragraph 64 of Plaintiff's TAC set forth conclusions of law to which no answer is required and the same are therefore denied. Any factual allegations set forth in paragraph 64 of Plaintiff's TAC are also denied.

65.    Denied.

66. Denied.
67. Denied.

### Fourth Cause of Action
### Violations of the Americans with Disabilities Act ("ADA")
### (Retaliation)

68. Paragraphs 1 through 67 of Defendants' Answer are incorporated herein by reference as though set forth in full.

69. Denied.
70. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's TAC fails to set forth a cause of action upon which relief can be granted, among other reasons because Plaintiff was not entitled to leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

### SECOND AFFIRMATIVE DEFENSE

Defendants' conduct and actions relating to Plaintiff's employment and termination of employment were legitimate and lawful.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of release and waiver, as set forth in a Settlement Agreement and Mutual General Release that Plaintiff executed to end the lawsuit that she initiated in the Court of Common Pleas in Philadelphia County in exchange for a cash settlement of her claims. A true and correct copy of said Settlement Agreement is attached hereto as **exhibit J** and incorporated herein by reference.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

One or more of the issues and claims that are set forth in Plaintiff's TAC are barred from litigation by the doctrine of judicial *estoppel.*

### SIXTH AFFIRMATIVE DEFENSE

One or more issues of the set forth in Plaintiff's TAC are barred from litigation by the doctrine of collateral *estoppel.*

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Americans with Disabilities Act is barred by her failure to exhaust her administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her prior wrongful acts.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the after-acquired evidence doctrine.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the same actor principle.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants applied Defendant Firm's policies in a consistent and lawful manner.

### TWELFTH AFFIRMATIVE DEFENSE

Any losses that Plaintiff suffered resulted from her own actions and not Defendants' actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a setoff or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's interim earnings, benefits or other compensation and/or in an amount that Plaintiff could have earned with reasonable effort.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no factual or legal basis for an award of compensatory, liquidated, or punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The decision to terminate Plaintiff's employment was based on reasonable factors other than her alleged exercise of rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith towards Plaintiff at all times and did not willfully violate the Family and Medical Leave Act, and not at all, thereby precluding an award of liquidated damages to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to a jury trial on her claim of retaliation in violation of the ADA.

### NINETEENTH AFFIRMATIVE DEFENSE

At all relevant times Plaintiff was not disabled within the meaning of the ADA.

### TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times Plaintiff was not a qualified individual within the meaning of the ADA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff did not suffer an adverse employment action because of her alleged or allegedly perceived disability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to engage in good faith in the interactive process required by the ADA, or caused said process to break down.

Respectfully submitted,

Claude Schoenberg
PA Attorney I.D. No. 56222

Attorney for Defendants
363 Bala Ave.
Bala Cynwyd, PA 19004
610-949-9400

March 10, 2011